NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| : | Criminal No.: 06-529 (JLL) |
| v. : | |
| : | **OPINION** |
| JAMES POWELL, : | |
| Defendant. : | |

**LINARES, District Judge.**

Presently before this Court is the sentencing of Defendant James Powell. As part of Mr. Powell's plea agreement, the parties put forward different total offense levels depending on whether this Court determined that Mr. Powell is a career offender.[1] Both parties agree that "Mr. Powell was over eighteen years of age at the time of the present conviction, that the present conviction is a felony involving a controlled substance offense, and that he has two prior felony convictions, one of which involved a controlled substance offense." (Def. Ltr., Aug. 10, 2009, at 1.) Another prior felony conviction was for attempted burglary pursuant to New Jersey Statutes §§ 2C5-1 (attempt) and 2C:18-2 (burglary). The parties disagree as to whether the prior attempted burglary conviction is a "crime of violence" under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines) § 4B 1.1. Prior to sentencing both parties submitted letter memorandums in support of their positions. The Court heard argument on this issue on

---

[1] The version of the USSG effective November 1, 2008 applies in this case.

August 13, 2009. This Court has considered the parties' submissions, the arguments at the August 13 hearing, and the presentence report ("PSR") prepared by the U.S. Probation Office. For the reasons set forth below, this Court finds that Mr. Powell is not a career offender.

**I.    DISCUSSION**

Section 4B 1.1 of the Guidelines states:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

As noted above, the parties agree that Mr. Powell satisfies both (1) and (2) of this definition and that he has at least two prior felony convictions, one of which is a controlled substance offense. They dispute, however, whether his attempted burglary conviction is a "crime of violence." Section 4B 1.2 defines a "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Crimes of violence also include "attempting to commit such [enumerated] offenses." U.S.S.G. § 4B 1.2, Application Note 1. Thus, attempted burglary of a dwelling is a crime of violence. The question posed here is whether Mr. Powell's attempted burglary conviction was for a burglary *of a dwelling*; Mr. Powell argues that it was not.

Mr. Powell plead guilty to "attempt[ing] to unlawfully enter [a] *structure*." (Tr. of Guilty Plea, at 7:15 (Feb. 10, 2005) (emphasis added).) Specifically he stated that he "picked the lock on the garage." (Id. at 7:22.) As a result of this plea, he was convicted and sentenced for

violation of attempted burglary under New Jersey Statutes §§ 2C5-1 (attempt) and 2C:18-2 (burglary).

### A. Burglary of a Dwelling

In determining whether a prior conviction is a crime of violence for purposes of career offender status, "where [a] predicate offense is expressly listed as a crime of violence [in the Guidelines], a more detailed inquiry into the underlying facts is inappropriate." United States v. McClenton, 53 F.3d 584, 588 (3d Cir. 1995). But, the Third Circuit in McClenton made clear that, in evaluating a burglary conviction, a court must determine if the conviction was for burglary of a *dwelling*. Id. If so, then "no further inquiry is warranted" because burglary of a dwelling is specifically enumerated in the Guidelines. Id.; see also United States v. McQuilken, 97 F.3d 723, 728 (3d Cir. 1996). However, if the statute under which the person was convicted "is ambiguous or broad enough to encompass both violent and nonviolent crimes, a court may look beyond the statute to certain records of the prior proceeding, such as the charging documents, the judgment, any plea thereto, and findings by the court." United States v. Forsythe, 437 F.3d 960, 962 (10th Cir. 2005) (discussing a burglary conviction under New Jersey law). But, when looking at charging documents, "the focus of the inquiry" is "the conduct of which the defendant was *convicted*," not the conduct charged if different. U.S.S.G. § 4B1.2, Application Note 2 (emphasis added); see also Forsythe, 437 F.3d at 962-63.

Mr. Powell was convicted of attempted burglary pursuant to New Jersey Statutes §§ 2C5-1 (attempt) and 2C:18-2 (burglary). Under New Jersey law, "[a] person is guilty of burglary if, with purpose to commit an offense therein he: (1) Enters a research facility, structure, or a separately secured or occupied portion thereof unless the structure was at the time open to the

public or the actor is licensed or privileged to enter . . . ." N.J. Stat. Ann. § 2C:18-2. "Structure" is defined as "any building, room, ship, vessel, car, vehicle or airplane, and also means any place adapted for overnight accommodation of persons, or for carrying on business therein, whether or not a person is actually present." Id. at § 2C:18-1. Thus, burglary under this statute is not limited to dwellings. See Forsythe, 437 F.3d at 963 (analyzing New Jersey law and finding that "[t]he New Jersey statute encompasses burglaries of both dwellings and non-dwellings, and is therefore broad enough to encompass both violent and non-violent crimes").

At his plea, Mr. Powell plead guilty to "attempt[ing] to unlawfully enter the *structure*," a garage, of an individual. Because it is unclear from the face of the conviction whether the burglary was of a dwelling, it is appropriate to look at Mr. Powell's charging document. The charging document indicates that Mr. Powell was apprehended "trying to [break] into a white garage." (Def. Ltr., Aug. 10, 2009, Ex. A.) Neither the plea colloquy or charging documents say anything about breaking into a dwelling or house. Evidence submitted at the August 13 hearing demonstrated that the structure at issue was a detached garage. This information is not inconsistent with his plea. Therefore, the question before this Court is whether a detached garage is a dwelling for purposes of the career offender Guidelines provision.

In McClenton, the Third Circuit defined "dwelling" as "a "building or portion thereof, a tent, a mobile home, a vehicle or other enclosed space *which is used or intended for use as a human habitation, home or residence*." 53 F.3d at 587 (quoting Black's Law Dictionary 505 (6th ed. 1990) (emphasis in original). Black's further states that, in the criminal law context, "[t]he term [dwelling-house] has referred to connected buildings in the same curtilage but now typically includes only the structures connected either directly with the house or by an enclosed

passageway." Black's Law Dictionary 582 (9th ed. 2009). This definition appears not to include a detached garage and is consistent with the definition of dwelling as interpreted by numerous states in applying their burglary statutes. See, e.g., People v. Fox, No. B104261, 1997 Cal. App. LEXIS 872, at *10 (Cal. Ct. App. Oct. 28, 1997) (Analyzing whether a garage was "attached and integral" to the residence, the court stated "[h]ad the jury determined the structure was not inhabited or the garage was not attached, it would have been obligated to find Fox committed second degree burglary, [non-residential burglary]."); People v. Hanna, 981 P.2d 627, 629 (Colo. Ct. App. 1998) ("[O]ur supreme court concluded that for the purposes of the second degree burglary statute, the definition of dwelling encompasses the entire residential structure including an attached garage."); People v. Borgen, 668 N.E.2d 234, 238 (Ill. App. Ct. 1996) "[A]n attached garage of a single-family residence, which leads directly into a room of the residence, is a dwelling for purposes of the residential burglary statute."); State v. Ross, 665 P.2d 310, 313 (N.M. Ct. App. 1983) ("[T]he detached and non-contiguous garage did not constitute a part of the dwelling house proper."); People v. Green, 529 N.Y.S.2d 852, 853 (N.Y. App. Div. 1988) ("Since the garage in the present case was structurally part of a building which was used for overnight lodging of various persons, it must be considered as part of a dwelling."). Although the determination of the definition of "dwelling" for purposes of the Guidelines is a "matter of federal law" and "courts are not bound by a state's definition," this Court finds that the generally consistent state definitions of dwelling with respect to the classification of garages lend further support for the conclusion that a detached garage is not a dwelling under the Guidelines for career offender purposes. See United States v. Smith, 10 F.3d 724, 733 (10th Cir. 1993). Therefore, this Court finds that Mr. Powell's conviction for attempted burglary of a detached

garage is not an enumerated crime of violence under the Guidelines.

### C. Catchall Provision

The Government alternatively argues that, even if attempted burglary of a detached garage does not meet the definition of burglary of a dwelling, it is nonetheless covered by § 4B 1.2 of the Guidelines because it "otherwise involves conduct that presents a serious potential risk of physical injury to another." Several circuits have found that this catchall phrase encompasses non-dwelling burglaries. See, e.g., United States v. Brown, 514 F.3d 256, 265 (2d Cir. 2008); United States v. Mathijssen, 406 F.3d 496, 499 (8th Cir. 2005). Other circuits have explicitly held that it does not encompass non-dwelling burglaries. See, e.g., United States v. Harrison, 58 F.3d 115, 119 (4th Cir. 1995); United States v. Spell, 44 F.3d 936, 938-39 (11th Cir. 1995); Smith, 10 F.3d at 733. The Third Circuit in McClenton stated that "[i]n assessing career offender status, the only issue we must decide is whether the prior convictions for burglary involved a dwelling." 53 F.3d at 588. The Court also noted that "[o]bviously, whether one burglarizes a private home or a hotel room, there is a much greater possibility of confronting the resident and a substantial risk that force will be used and that someone will be injured, than if one burglarized a building that was not intended for use as habitation, such as an office building after office hours or a warehouse." Id. A finding that non-dwelling burglaries are covered by § 4B 1.2's catchall provision would appear inconsistent with McClenton. Therefore, this Court finds that the Third Circuit has joined the other circuits who find the catchall phrase inapplicable to non-dwelling burglaries.

This holding is also consistent with the Third Circuit's recent decision in United States v. Polk, 577 F.3d 515 (3d Cir. 2009). In Polk the Third Circuit determined that the Supreme

Court's test for what qualified as a violent felony under the "otherwise involves" catchall clause of the Armed Career Criminal Act (ACCA) "also applies to the Career Offender Guidelines." 577 F.3d at 518-19 (discussing Begay v. United States, 128 S. Ct. 1581, 1585-86 (2008).) The Court in Begay "held that, to qualify as a 'violent felony' under the 'otherwise involves' clause of this provision, an offense must (1) present a serious potential risk of physical injury *and* (2) be 'roughly similar, in kind as well as degree of risk posed . . . .'" Id. at 518 (emphasis added) (quoting Begay, 128 S. Ct. at 1585-86). The Third Circuit stated that after Begay, "[t]he possibility that one will confront another person with violent results is not sufficient." Id. at 519. Additionally, this Court finds that, where the Guidelines have specifically narrowed a category, using for example "burglary of a dwelling" versus simply "burglary," a similar in kind finding under Polk and Begay which would have the effect of broadening an enumerated category appears inappropriate. For these reasons, this Court finds that Mr. Powell's conviction for burglary of a detached garage, a non-dwelling, also is not covered by § 4B 1.2's catchall provision.

### III.  OFFENSE LEVEL

As part of Mr. Powell's plea agreement, the parties stipulated that his total offense level for sentencing is 23 if he is not found to be a career offender or 31 if he is a career offender. The Court disagrees with the parties' offense level calculation. If Mr. Powell is not a career offender, as this Court has herein found, the Court calculates his offense level as follows:

> Count Group One: Unlawful Possession of a Firearm and Ammunition by a Convicted Felon
> - **Base Offense Level** pursuant to U.S.S.G. § 2K2.1(a)(4): 20
> - **Adjusted Offense Level**: 20 (no adjustments)

<u>Count Group Two</u>: Possession with Intent to Distribute & Distribution of 5 Grams or More of Cocaine Base
- **Base Offense Level** pursuant to U.S.S.G. § 2D1.1(a)(3) (for more than 20 grams but less than 35 grams of crack cocaine): 26
- **Specific Offense Characteristic** - a firearm was possessed during the commission of this offense: +2
- **Adjusted Offense Level**: 28

<u>Multiple-Count Adjustment</u>: +1

**Combined Adjusted Offense Level**: 29

**Adjustment for Acceptance of Responsibility** pursuant to U.S.S.G. § 3E1.1(a): -2

**Additional Adjustment for Acceptance of Responsibility** pursuant to U.S.S.G. § 3E1.1(b): -1

**Total Offense Level**: 26

### III. CONCLUSION

For the reasons set forth above, this Court finds that Mr. Powell is not a career offender under the Guidelines, and that, as such, his applicable Guidelines offense level is 26. Combined with a criminal history category of VI, Mr. Powell's advisory Guidelines range is 120 to 150 months. On November 4, 2009, this Court will hear additional argument regarding the appropriate sentence for Mr. Powell and will render its final sentencing determination.

DATED: October 14, 2009                        /s/ Jose L. Linares
                                               Jose L. Linares
                                               United States District Judge